1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLES ANDREW ADAMS,

Plaintiff,

v.

GOLD SPIKE HOTEL AND CASINO, INC., and PLAZA HOTEL, INC.,

Defendants.

2:06-CV-1340 JCM (LRL)

Date:    N/A
Time:    N/A

**ORDER**

Presently before the court is defendants' motion to dismiss plaintiff Charles Adams's complaint or in the alternative, motion for summary judgment (#7). On February 13, 2007, Adams filed an opposition and counter-motion for summary judgment (#9). On March 2, 2007, defendants' filed a response (#10) to plaintiff's counter-motion.

On October 22, 2004, Adams consumed a hot dog at the Gold Spike Casino. Shortly thereafter, Adams became ill and was taken to the hospital where he remained for six nights. Adams filed a motion for leave to proceed *in forma pauperis* along with his complaint on October 20, 2006. In his complaint, Adams alleges the defendants are strictly liable for his physical illness and mental anguish arising from consumption of the hot dog. The court granted Adams' motion to proceed *in forma pauperis* on November 14, 2006, and his complaint was docketed. A summons was returned executed as to the

**James C. Mahan**
**U.S. District Judge**

1 two defendants on December 11, 2006. The defendants were given until December 27,
2 2006, to file their answer or other responsive pleading.

### Defendants' Motion to Dismiss (#7)

Defendants move to dismiss Adams' complaint alleging the it was filed outside the statute of limitations. Under Nevada Revised Statute § 11.190(4)(e), a plaintiff with a personal injury claim must bring his action within two years from the date of the alleged injury.

Since Adams' ate the hot dog on October 20, 2004, the earliest possible day the statute of limitations could expire for injury arising from eating the hot dog was October 20, 2006. Adams filed a motion for leave to proceed *in forma pauperis* (#1) on October 20, 2006. Adams attached his complaint to that motion. Under Ninth Circuit law, a complaint is constructively filed when it is received by the clerk of court, not when it is filed on the docket sheet or served on the defendant. *See United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court); *see also Hackbarth v. Regents of University of California*, 5 Fed.Appx. 599, 600-601 (9th Cir. 2001) (unpublished) (finding a plaintiff's complaint to be timely filed when it was submitted along with a motion to proceed *in forma pauperis*). Therefore, Adams' complaint was constructively filed before the two-year statute of limitations ran on his claim. As such, defendants' motion to dismiss (#7) is denied.

### Defendants' Motion for Summary Judgment (#7)

In the alternative, Defendants argues summary judgment should be granted in their favor. In support of this alternative motion, the defendants attached medical records, bills, and other evidence to the motion to dismiss. However, defendants failed to submit admissible evidence to support their motion for summary judgment. *See Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002). The defendants did not properly authenticate any of the evidence attached to the motion. Therefore, defendants' alternative motion for summary judgment (#7) is denied.

**James C. Mahan**
**U.S. District Judge**

- 2 -

**Plaintiff's Counter-Motion (#9)**

Adams filed a counter-motion for summary judgment (#9) on March 2, 2007. Adams claims he is entitled to summary judgment because defendants failed to file either an answer or a motion under Federal Rule of Civil Procedure 12 by the December 27, 2006, deadline. Adams provided no evidence to support his claim for summary judgment.

Although Adams argues for summary judgment, he is actually seeking default judgment. The court cannot enter default judgment against a defendant unless the clerk has first entered default under Federal Rule of Civil Procedure 55(a). Adams failed to file for an entry of default before the defendants responded by filing their motion to dismiss. As such, Adams waived his right to request an entry of default.

Since Adams is not entitled to default judgment and because he produced no evidence to support motion for summary judgment, *See Orr v Bank of America, supra,* Adams' counter-motion for summary judgment (#9) is denied.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, or in the alternative summary judgment (#7), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's counter-motion for summary judgment (#9) be, and the same hereby is, DENIED.

DATED this 14th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE